IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SOFTWARE INFORMATION RESOURCES CORP. | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-CV-2350-__ |
| WASHINGTON METROPOLITAN TRANSIT AUTHORITY, | ) ) ) ) | |
| Defendant. | ) ) ) | |

**VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

**(BID PROTEST)**

Plaintiff Software Information Resources Corp. ("SIRC"), by and through counsel, files this Verified Complaint for injunctive relief, as well as for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and alleges as follows:

**Nature of the Case**

1. SIRC brings this bid protest action to set aside and enjoin the Washington Metropolitan Area Transit Authority's ("WMATA") determination that:

    A. SIRC's proposal to WMATA (responding to WMATA Solicitation #F20101, entitled "IT Support Services ITSS Functional Area" (the "Request for Proposals" or "RFP")) was non-responsive to certain requirements of the RFP as alleged herein; and

B. WMATA's consequent disqualification of SIRC from further participation in the procurement, including non-inclusion of SIRC's proposal in the "competitive range", and, thus, non-evaluation of SIRC for award of the WMATA contract resulting from the RFP.

2. SIRC is the current incumbent contractor for the same services covered by the RFP. WMATA issued the RFP (i) because the current contract is at the end of its term; and (ii) to procure those same services and related services over a five-year period by award of task order contracts under the terms of the RFP to several offerors qualified under the requirements of the RFP.

3. But for WMATA's arbitrary, capricious and irrational determination that SIRC's proposal was non-responsive to such certain requirements of the RFP, in accordance with the terms of the RFP, SIRC would have been found to be a qualified offeror under the terms of the RFP, and thus would have been included in the competitive range, and further evaluated for award of the contract resulting from the RFP.

4. Time is of the essence, and the injunctive and declaratory relief sought by SIRC is emergent.

A. WMATA currently is in the process of evaluating the proposals by other offerors that WMATA determined are within the competitive range under the terms of the RFP. WMATA has not yet:

(i) Made an award determination;

(ii) Announced an award; or

(iii) Made an award of any contract resulting from the RFP.

B. It is essential that this status quo be maintained by a TRO and a preliminary injunction. Otherwise, by the mere passage of time (and WMATA continuing with

the procurement action to the point of making the contract awards), SIRC will be deprived of the remedy provided by applicable law and WMATA's procurement regulations: the opportunity to compete for award of the contract contemplated by the RFP in accordance with the terms of the RFP.

C.   WMATA's procurement regulations provide that such relief should be granted:

> The Contracting Officer shall withhold contract award pending resolution of a protest unless he determines that award is permitted under the FTA [Federal Transit Agency] protest procedures and the Chief Procurement Officer concurs in that determination. FTA shall be notified prior to award if such a determination is made.[1]

WMATA Procurement Procedures Manual (August 2017, version 7.9) at Article 17.1(a) (Protests – Purpose and Scope), available at

https://www.wmata.com/business/procurement/upload/WMATA-Procurement-Procedures-Manual-2017-Version-7-9.pdf (hereinafter, "Procurement Procedures Manual").  Also:

> Upon receipt of a timely protest regarding the evaluation of bids or proposals, the Contracting Officer will suspend the evaluation of all bids or proposals until resolution of the protest.

Procurement Procedures Manual at Article 17-4(b) (Protests – Authority Response to Protests).

5.   Through this action, SIRC seeks:

**A.   A temporary restraining order (TRO) against WMATA, enjoining WMATA from proceeding further with the procurement during the pendency of this action.**

---

[1] The FTA protest procedures neither apply to SIRC's protest nor, if arguably applicable, permit award during the pendency of a pre-award protest.

        The TRO is necessary to preserve the status quo – the current state of the procurement, in which no contract awards have been made – such that SIRC can obtain the ultimate relief sought in this bid protest action: by order of this Court: (1) a determination that SIRC's proposal meets those certain responsiveness requirements of the RFP; (2) WMATA further evaluating SIRC's proposal in accordance with the terms of the RFP (including WMATA's competitive range determination; and (3) WMATA further evaluating SIRC's proposal in accordance with the terms of the RFP and thereafter making contract awards in accordance with the terms of the RFP.

    **B.**    **A preliminary injunction that continues the requested TRO relief for the pendency of this action;** and

    **C.**    **Preliminary and permanent injunctive relief, as well as declaratory relief against WMATA,** declaring, and providing, respectively:

        (i)    That SIRC's proposal meets those certain responsiveness requirements of the RFP; and

        (ii)    Ordering WMATA to: (a) include SIRC's proposal in the competitive range in accordance with the terms of the RFP; and (b) evaluate SIRC's proposal in accordance with the terms of the RFP and thereafter make contract awards in accordance with the terms of the RFP.

6.    WMATA will not be harmed by the Court entering the requested TRO and preliminary injunction preserving the status quo:

    A.    WMATA will continue to receive the services covered by the RFP through existing contracts, which will continue throughout the pendency of this action; and

B.       As noted above, WMATA's procurement regulations provide that the procurement action must stop during the pendency of a protest, so as to ensure that: (i) the procurement action is conducted fairly with respect to all offerors (including aggrieved offerors) in accordance with applicable laws, WMATA procurement regulations and the terms of the pertinent RFP; and (ii) all procurements are conducted and all contracts resulting from WMATA RFPs are awarded strictly in accordance with applicable laws, WMATA procurement regulations and the terms of the pertinent RFP.

## The Parties

7.       Plaintiff, SIRC, is an information technology service contractor. SIRC is the WMATA incumbent contractor for similar services covered by the RFP.

8.       Defendant WMATA is a regional transit authority established by the Washington Metropolitan Area Transit Regulation Compact (the "Compact").[2]  The Compact is a Congressionally-approved interstate agreement among the State of Maryland, the Commonwealth of Virginia and the District of Columbia, to provide for the regional regulation of private sector transportation services in the Washington, D.C. metropolitan area.  *See* Pub. L. No. 89–774, 80 Stat. 1324 (1966); D.C. CODE § 9–1107.01; MD. CODE ANN., TRANSP. § 10–204 (West 2015); VA. CODE ANN. § 33.2–3100 (West 2015). Under the Compact, the Washington Metropolitan Area Transit Commission (WMATC) issues operating authority to transportation services operators, among other matters. WMATA's procuring office for the award of the task-order contract at issue in this action is the Office of Procurement and Materials, 600 Fifth Street, NW, Room 3C-02, Washington, DC  20001.

---

[2] The Compact, as amended, is available at
https://www.wmata.com/about/board/upload/Compact_Annotated_2009_final.pdf .

**Jurisdiction and Venue**

9. This Court has jurisdiction over this matter under the WMATA Compact, approved by Congress. D.C. CODE § 9-1107.10; WMATA Compact § 81. Venue is proper under Section 81 of the WMATA Compact.

**Standing**

10. SIRC has standing to bring this bid protest action. SIRC is an actual offeror that submitted a proposal in response to the RFP. Thereafter, SIRC suffered a non-trivial competitive injury by WMATA arbitrarily, capriciously and non-rationally determining (contrary to the express terms of the RFP), that SIRC did not meet the certain responsiveness requirements of the RFP, as further alleged below. SIRC believes it would have been included in the competitive range, and would have been in line for award of a contract resulting from the RFP, but for WMATA having such wrongfully found SIRC's proposal to be non-responsive and, on that basis, excluding SIRC from further participation in the competition for award of a contract resulting from the RFP.

**I. Factual Background**

**A.   The RFP and SIRC's Proposal**

11. WMATA issued the RFP on December 4, 2019. A true and correct copy of the RFP is attached hereto at Exhibit No. 1. The RFP solicited proposals for services of professional information technology (IT) support service consultants to provide professional IT related program and project support services for functional areas within WMATA's Department of Information Technology (DIT), including: program and project level support for Information Technology Infrastructure; Information Technology Transit Systems and Information Technology Business Systems; and Cybersecurity. The RFP provides that WMATA anticipates

awarding multiple master Indefinite Delivery/Indefinite Quantity (IDIQ) contracts within each functional area, with a total estimated combined value of $200 million during the total term of the contracts resulting from the RFP consisting of one base year and four one-year option years.

12. The contracts resulting from the RFP are funded in whole or in part by Federal Transit Administration funds. Accordingly, Federal procurement laws apply to the RFP. *See e.g.,* RFP at Chapter IX (Additional Covenants/Legal Requirements) at Articles 1-23; RFP at Chapter XI (Additional Federal Provisions). The Federal procurement laws that apply to the RFP include the definition and requirements for full and open competition, including the requirement that WMATA must evaluate each proposal solely and in accordance with the stated terms of the RFP. *See* Procurement Procedures Manual at Article 17-2 (Protests – Written Submission): "The protest should also reference any pertinent court, General Accountability Office ("GAO"), and/or Authority decisions which are relied upon in support of the protest, as well as any contrary decision(s)."

13. The RFP further provided that contract awards would be made to "the offeror(s) whose proposal(s) provides the best overall value to the Authority, based on the application of the evaluation criteria set forth in herein (sic) [at RFP Article 14 ("Evaluation Criteria and Basis for Award]. RFP at p.7 (RFP Solicitation Instructions, Section 1(b), Introduction).

14. As to the issues pertinent to this action, the RFP provides:

    A. "The following forms must be completed & submitted as specified below with your offer:

*　　*　　*

- Pre-Award Data – Volume III"

RFP at 2.

        B.    At Article 19(c) (Pre-Award Information/Contractor Responsibility):

"(c)    Among other items, a proposer shall furnish the following *when the Contracting Officer requests*:

    (1)    A completed and signed 'Pre-Award Evaluation Data' form (copy attached), including all referenced financial statements and information . . .."

RFP Article 19(c)(1) (RFP at p.27); and

        C.    Paragraph 12 of the Pre-Award Evaluation Data Form (RFP at pp. 47-48) provided for an offeror (proposer) to:

    12.    Attach as Schedule Five (5) financial statements and letters from banks regarding credit, *as required by the Pre-Award Information article* [RFP Article 19(c)(1) (cited in Complaint ¶ 15(B))] (emphasis added)."

15.    The clear and unambiguous language of RFP Article 19(c) expressly conditions any requirement for a proposer/offer to submit the Pre-Award Evaluation Data form on the Contracting Officer making a request in writing that the proposer/offeror furnish the Pre-Award Evaluation Data form, including all information mentioned in Paragraphs 11 and 12 of the Pre-Award Evaluation Data form.

16.    Nowhere in the RFP did the Contracting Officer request that any proposer/offeror (including SIRC) submit either a completed Pre-Award Evaluation Data form, or, in particular information mentioned in Paragraphs 11 and 12 of the Pre-Award Evaluation Data form.

17.    From the date of WMATA's release of the RFP to the public continuing through and until WMATA issued its determination to SIRC that SIRC's proposal was non-responsive to the RFP, the Contracting Officer did not request that SIRC submit either a completed Pre-Award

Evaluation Data form, or, in particular information mentioned in Paragraphs 11 and 12 of the Pre-Award Evaluation Data form.

18. SIRC, as an experienced WMATA contractor that has succeeded in competing for and winning awards of WMATA contracts, has received and responded to previous WMATA solicitations/RFPs that have included the same provisions concerning the requirement for an proposer/offeror to submit pre-award data and information as those included in the RFP at issue in this action. In each of those competitions:

    A. SIRC did not provide a completed Pre-Award Evaluation Data form as part of its initial offer;

    B. WMATA did *not* determine that SIRC's proposals were non-responsive to those RFPs, and determined that SIRC's proposals should be included in the competitive range and evaluated by WMATA for award of the contracts resulting from those RFPs.

19. The RFP required proposals to be submitted by 2 p.m., March 18, 2020.

20. Plaintiff SIRC timely submitted its proposal before 2 p.m., March 18, 2020.

21. In reliance on the WMATA precondition of RFP Article 19(c) that "a proposer shall furnish the following [Pre-Award Evaluation Data form] *when the Contracting Officer requests*", and the absence of any Contracting Officer request SIRC to submit the Pre-Award Evaluation Data form, including the particular information mentioned in Paragraph 12 of the Pre-Award Evaluation Data form, SIRC did not include in its initial proposal the particular information mentioned in Paragraph 12 of the Pre-Award Evaluation Data form.

22. Plaintiff SIRC's proposal was fully responsive to all requirements of the RFP.

23. The RFP provides that the Contracting Officer "shall first make a determination regarding the initial proposals that he or she considers to be within the competitive range for

Contract award." RFP at Article 13(d) (RFP p.16); *see also* RFP at Article 18(a) (Technical Proposal Evaluation) (RFP p.26). The RFP defines "competitive range" as "Those initial proposals that are determined by the Authority to have a reasonable chance of being selected for award and that may be selected for additional negotiations or discussions to the extent deemed appropriate by the Contracting Officer. Proposals not in the competitive range are given no further consideration." RFP at Definitions (RFP p.187).

**B.     WMATA Determination that SIRC's Proposal Was Non-Responsive to the Requirements of the RFP**

24.     On July 7, 2020, WMATA notified SIRC that WMATA has determined that SIRC's proposal was "non-responsive to the requirements of solicitation, as follows:

> The offer that your organization submitted in response to solicitation #F20101, IT Support Services ITSS Functional Area*,* has been evaluated. As a result of that evaluation, it was determined that your offer was non-responsive to the requirements of solicitation.
>
> Please be advised that your solicitation was found non-compliant in the following areas:
>
> 1.     No Financials with Pre-Award Data as required in question 12, (Schedule 5).

WMATA Letter dated July 7, 2020 (non-responsiveness determination with respect to SIRC proposal) (the "Non-Responsiveness Determination"). A true and correct copy of the WMATA Determination is set forth at Exhibit 2 to this Complaint.

25.     For the reasons alleged and stated below, WMATA made the Non-Responsiveness Determination in violation of the clear and express responsiveness criteria of the RFP, and, thus, adopted and applied evaluation criteria not stated in the RFP to determine that SIRC's proposal was non-responsive to the RFP.

26.     Accordingly, the Non-Responsiveness Determination: (i) violates the requirement of applicable law that WMATA evaluate SIRC's proposal solely and strictly in accordance with

the stated responsiveness requirements of the RFP; (ii) is arbitrary, capricious and irrational; and (iii) thus is contrary to applicable law.

**C.     SIRC Agency Protest**

27.    On July 20, , 2020, pursuant to Article 21(a) of the RFP and Chapter 17 of the Procurement Procedure Manual, SIRC timely protested to WMATA the Non-Responsiveness Determination (the "SIRC Agency Protest") on the grounds stated in this action. A true and correct copy of the SIRC Agency Protest is appended at Exhibit 3 hereto.

28.    Pursuant to Section 17-4(b) of the Procurement Procedure Manual, WMATA suspended the evaluation of all bids and proposals during the pendency of SIRC's Agency Protest.

29.     On 17 August 2020, WMATA denied SIRC's Agency Protest on the grounds that the RFP instructions to offerors required SIRC to submit as part of SIRC's initial proposal the particular information mentioned in Paragraph 12 of the Pre-Award Evaluation Data form, even though no Contracting Officer made any request that SIRC submit such information. A true and correct copy of WMATA's decision to deny SIRC's Agency Protest is appended at Exhibit 4 hereto.

30.    WMATA's determination to deny SIRC's Agency Protest and WMATA's consequent exclusion of SIRC's proposal from further evaluation and consideration for award of a contract resulting from the RFP is the result of WMATA applying responsiveness evaluation criteria that are contrary to those stated in the RFP, and thus, is a violation of the full and open competition mandate of: (1) Section 73 of the WMATA Compact, made applicable to the procurement action under the RFP by Section 300 of the Procurement Procedure Manual; and (2) Section 18.36(c)(1)(vii) of the Common Grant Rule, 48 C.F.R. §§ 18.01 *et seq.*, made applicable

to the procurement action under the RFP by the Section 73 of the WMATA Compact as given further effect by Section 300 of the Procurement Procedure Manual:

>   (c)     Competition.
>
>   (1)     All procurement transactions will be conducted in a manner providing full and open competition consistent with the standards of Sec. 18.36. Some of the situations considered to be restrictive of competition include but are not limited to:
>
>   **(vii) Any arbitrary action in the procurement process.**

48 C.F.R. §§ 18.36(c)(1) (emphasis added).

**D.     Current Status of the Procurement**

>   31.     As of the date of the filing of this Complaint, WMATA:
>
>   A.     Has resumed evaluating proposals; but
>
>   B.     Has not awarded any contract.

## II. Bid Protest Grounds

**Count 1:
WMATA's Determination that SIRC's Proposal was Non-Responsive to Certain RFP Requirements and Exclusion of the SIRC Proposal from Any Further Evaluation and Consideration in this Procurement Violates the Full and Open Competition Requirements of the WMATA Compact, the Common Grant Rule (49 C.F.R. § 18.1 et seq.) and the RFP**

>   32.     Plaintiff SIRC repeats, re-alleges and incorporates by reference the allegations of paragraphs 1-31 as through fully set out herein.
>
>   33.     WMATA is required by law to award contracts based on "full and open competition through the use of competitive procedures," WMATA Compact § 73(a)(1)(A).
>
>   34.     To implement and give effect to the requirements of WMATA Compact § 73(a)(1)(A), the WMATA Board of Directors adopted the Procurement Procedures Manual (PPM). *See* PPM p.i (Preface).

12

35. In pertinent part, Procurement Procedures Manual Section 301 (Commitment to Full and Open Competition) requires that:

> WMATA shall conduct procurements using full and open competition consistent with the standards set forth herein and in applicable statutes and regulations. WMATA shall take into account and give effect to competition requirements that are contained in any statute, regulation or guidance that applies to grant funds used in the procurement - including but not limited to the following, as applicable:
>
> (a) Section 73 of the WMATA Compact;
>
> (b) Federal Transit Administration ("FTA") enabling legislation, 49 U.S.C. § 5325(a) (FTA grant recipients to conduct all procurements financed under 49 U.S.C. Chapter 53 in a manner that provides full and open competition);
>
> (c) Common Grant Rule (49 C.F.R. § 18.1 et seq.) (hereinafter, "Common Grant Rule").

PPM Section 301 (PPM at p.3).

36. Common Grant Rule § 18.36(c)(1)(vii) provides that "any arbitrary action in the procurement process" is violative of the legal mandate that there shall be full and open competition under this RFP.

37. WMATA's determination that SIRC's proposal is non-responsive to the RFP on the basis of evaluation criteria that are other than those stated in the RFP and are contrary to the RFP is an arbitrary and capricious action that violates the legal mandate that WMATA conduct the procurement under this RFP using full and open competition.

**Count 2:**
**WMATA's Determinations that SIRC's Proposal Was Not Responsive to Certain Requirements of the RFP and Exclusion of SIRC's Proposal for any Further Evaluation and Consideration for Award of a Contract Resulting from the RFP Violated WMATA's Procurement Regulations**

38. Plaintiff SIRC repeats, re-alleges and incorporates by reference the allegations of paragraphs 1-37 as through fully set out herein.

13

39. WMATA must conduct its procurements in compliance with its procurement practices and procedures set forth in its Procurement Procedures Manual. WMATA Compact § 73(g). The PPM states that "[t]he evaluation of each proposal shall be in accordance with the evaluation criteria set forth in the RFP." PPM 10-17(a).

40. The RFP did not require a proposer/offeror to submit as part of its initial proposal that particular information mentioned in Paragraph 12 of the Pre-Award Evaluation Data form. Instead, the RFP required an offeror to submit such information only after a Contracting Officer made a request to the proposer/offeror that the proposer/offeror do so.

41. It is illegal and a violation of the PPM for WMATA to disregard and deviate from the RFP's stated evaluation criteria for responsiveness, which WMATA did in evaluating the responsiveness of SIRC's proposal. WMATA must adhere to the stated evaluation requirements of the RFP, and, by doing so, find that SIRC's proposal was fully responsive to the RFP and must be further evaluated for award of a contract resulting from the RFP.

**Prejudice and Harm**

42. SIRC has been greatly prejudiced by the wrongful disqualification of its proposal from further consideration in the procurement in accordance with the terms of the RFP. Had WMATA properly evaluated the responsiveness of SIRC's proposal, SIRC would not have been disqualified and SIRC's proposal now would be evaluated for award of a contract resulting from the RFP.

43. The prejudice and harm to SIRC is substantial. Without an injunction barring WMATA from proceeding with the procurement without first properly including SIRC in the further evaluation of proposals and consideration for award of a contract resulting from the RFP, SIRC will suffer irreparable injury. It will lose the opportunity to be awarded a task order

contract resulting from the RFP, and will lose the prospect of the task order revenue for five (5) years, which may be as high as $200 million.

## Relief

**Wherefore**, plaintiff SIRC asks that this Court grant the following relief:

1. Enter a declaratory judgment holding that the WMATA's determination that SIRC's proposal is non-responsive to the RFP is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

2. Enter a declaratory judgment holding that WMATA may not award any contract to any other offeror until such time as WMATA reverses its exclusion of SIRC's proposal from any further participation in the procurement under the RFP, as such awards would be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

3. Enter a declaratory judgment holding that the WMATA must evaluate SIRC's proposal rationally in accordance with the evaluation criteria set forth in the RFP, and no differently than any other proposers/offerors whose proposals WMATA determined were responsive to the RFP;

4. Issue a temporary restraining order, preliminary and permanent injunction requiring WMATA to: (a) reverse its determination that SIRC's proposal is not responsive to the RFP; (b) include SIRC's proposal among all other proposals responsive to the RFP; and (c) then evaluate SIRC's proposal for award of a contract resulting from the RFP in accordance with the RFP, the PPM, the WMATA Compact and the full and open competition requirements of Common Grant Rule § 18.36(c)(1)(vii).

5. Award plaintiff SIRC its costs, including reasonable attorneys' fees and expenses; and

6.      Grant plaintiff SIRC such other and further relief as the Court deems just and proper.

Dated:  August 25, 2020                    Respectfully submitted,

**MILLS LAW GROUP LLP**

By:  /s/ Timothy B. Mills
Timothy B. Mills
D.C. Bar No. 425209
910 17th Street, N.W.
Washington, DC  20006
Telephone:  (202) 457-8090
Fax: (202) 478-5081
TimothyBMills@aol.com
*Lead Counsel for Plaintiff*
*Software Information Resources Corp.*

## **VERIFICATION**

In accordance with 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2020.

*Amgandhi*

**Ajay Gandhi**
Software Information Resources Corp.
730 24th Street N.W. #3
Washington, D.C. 20037

**EXHIBIT 1**

**True and Correct Copy of**

**WMATA Solicitation #F20101, IT Support Services ITSS Functional Area**

**EXHIBIT 2**

**True and Correct Copy of**

**WMATA Letter dated July 7, 2020: Non-Responsiveness Determination**

**with respect to SIRC Proposal in Response to WMATA Solicitation #F20101**

## **EXHIBIT 3**

**True and Correct Copy of SIRC Agency Protest**

**Note:**

**Confidential SIRC Financial Information**

**provided as Attachment 1 to**

**SIRC Agency Protest**

**Redacted from This Exhibit**

**EXHIBIT 4**

**True and Correct Copy of**

**WMATA August 17, 2020 Letter Denying SIRC Agency Protest**